[L. A. No. 6365.   Department Two.—January 11, 1921.]

## THE F. CHEVALIER CO. (a Corporation), Appellant, v. JOHN L. COLLINS, Respondent.

[1] MORTGAGE—JOINDER IN EXECUTION—ACCOMMODATION OF MORTGAGOR—INTEREST IN PROPERTY NOT CREATED.—Mere joinder in the execution of a mortgage as an accommodation to the record owner of the property and in response to the suggestion of the mortgagee gives the individuals thus joining no interest in the property, in the absence of an agreement to that effect.

[2] FRAUDULENT CONVEYANCES — DEBT OF TENANT — PROPERTY OF LANDLORD—INAPPLICABILITY OF SECTION 3440, CIVIL CODE.—Section 3440 of the Civil Code, providing that certain transfers of personal property are conclusively presumed to be fraudulent unless accompanied by an immediate delivery and followed by an actual and continued change of possession, has no application to a creditor's bill brought to subject property of a landlord to a judgment against his tenants.

APPEAL from a judgment of the Superior Court of Inyo County. Wm. D. Dehy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Scherrer & Guthrie, Frank C. Scherrer and Harvey W. Guthrie for Appellant.

A. H. Swallow for Respondent.

WILBUR, J.—This is a creditor's bill brought to subject the Hotel Istalia and the personal property therein, standing of record in the name of defendant John L. Collins, to plaintiff's judgment for $4,927.50 against defendants Bertrand

Rhine and Leora B. Rhine. The property in question was pur-
chased by the payment of eleven thousand dollars and by the
giving of a mortgage for eight thousand dollars executed by
the three defendants to C. T. Crowell. The defendants testi-
fied in effect that defendants Bertrand Rhine and Leora B.
Rhine were indebted to defendant Collins, a brother of de-
fendant Leora B. Rhine, in the sum of seven thousand dollars;
that Bertrand Rhine inherited three thousand dollars from
his mother and paid it to John L. Collins on account of the
aforesaid indebtedness; that the defendant Rhine executed
the mortgage in question as an accommodation to defendant
John L. Collins and in response to the suggestion of the
mortgagee. It is claimed by plaintiff and conceded that de-
fendants Rhine at all times involved herein were bankrupt.
As the findings of the court are fully supported by the direct
evidence of the defendants, we cannot consider the contention
of the appellant that the evidence preponderates in his favor.
[1] The fact that the defendants Rhine, who were admit-
tedly bankrupt, executed a mortgage gave them no interest in
the property in the absence of an agreement to that effect.
There was no such agreement.

It is claimed that the trial court erred in excluding the find-
ings of the referee in the supplementary proceedings in the
action in which the judgment was obtained. It appears from
the referee's report that defendant Collins was examined as
a witness, but the findings of the referee were in no way bind-
ing upon him; moreover, the conclusions of the referee are
in accord with the admitted facts, with the single exception
of the statement in his report that "Bertrand Rhine trans-
ferred and turned over to said John L. Collins the sum of
three thousand dollars to invest in said hotel property, and
which, it appears, was so invested by said John L. Collins,
and which said (nor any part thereof), it appears, has not
been repaid by said John L. Collins to said Bertrand Rhine."
The testimony on the trial of this case is also that three thou-
sand dollars was turned over to be invested in the hotel
property, but in addition that it was so "transferred" in
payment of the prior indebtedness owing by Rhine to Collins.

[2] Appellant contends that there was no change of pos-
session of the hotel or its contents within the meaning of sec-
tion 3440 of the Civil Code, and, hence, that the hotel is
liable for the debts of Rhine. Rhine had been in the pos-

session of the hotel as tenant, first, under the Hotel Istalia Company; second, under Foorman and Woodworth, who subsequently became the owners thereof, and later under Collins. The point is without merit; the section relied upon has no application to this case where it is sought to take the property of the landlord to satisfy the debt of the tenant.

Judgment affirmed.

Sloane, J., and Lennon, J., concurred.